**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT LAUDERDALE DIVISION**

MARY DEERING,

        Plaintiff,                    CASE NO.  0:13-cv-61156-WPD

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Portfolio Recovery Associates, LLC ("Portfolio") hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint For Damages and Injunctive Relief (the "Complaint"), stating as follows:

1. Portfolio admits that Plaintiff purports to allege a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") in Paragraph 1 of the Complaint, but denies that Portfolio violated the TCPA.  Except as herein admitted, the remaining allegations in Paragraph 1 of the Complaint are denied.

2. The allegations contained in Paragraph 2 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Portfolio admits that 28 U.S.C. § 1331 speaks for itself, and denies any inconsistent allegations.

3. The allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Portfolio admits that this Court properly exercises personal jurisdiction over Portfolio.  Except as herein admitted, the remaining allegations in Paragraph 3 of the Complaint are denied.

4.      The allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Portfolio states that it lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

## PARTIES

5.      Portfolio is without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, therefore denied.

6.      Portfolio admits that it is a Delaware Limited Liability Company with its headquarters in Norfolk, Virginia.  Portfolio further admits that it acts as a "debt collector" as that term is defined under the Fair Debt Collection Practices Act ("FDCPA") under certain circumstances and in certain instances.  All other allegations contained in Paragraph 6 of the Complaint are denied.

7.      Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint, therefore denied.

8.      Portfolio denies the allegation that it uses an "automatic dialing system" as that term is defined by the TCPA.  Portfolio admits that Plaintiff alleges Exhibit A to the Complaint is a document from the Public Utility Commission of Texas, but denies any other allegations made regarding the content, authenticity, or meaning of that document and states that the document speaks for itself.  Portfolio denies all other allegations set forth in Paragraph 8 of the Complaint.

9.      Portfolio denies that it uses an "automatic telephone dialing system" as defined by the TCPA.  Portfolio denies all other allegations set forth in Paragraph 9 of the Complaint.

10. Portfolio denies that it uses an "automatic telephone dialing system" as defined by the TCPA. Portfolio denies all other allegations set forth in Paragraph 10 of the Complaint.

## COUNT I

11. Portfolio realleges and incorporates by reference Paragraphs 1 through 10 above as if fully set forth herein..

12. Denied.

13. Portfolio denies the allegations in the "WHEREFORE" Paragraph of the Complaint, including subsections a-f. Portfolio further denies that Plaintiff is entitled to any judgment, damages, relief, and/or award from Portfolio.

## GENERAL DENIAL

Portfolio denies all allegations in the Complaint not expressly admitted.

## DEFENSES

### First Affirmative Defense

Plaintiff's claim is barred, in whole or in part, for failure to state a claim on which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Plaintiff suffered no damages as a result of Portfolio's alleged conduct.

### Third Affirmative Defense

Any violation of the law or damage allegedly suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim for damages against Portfolio.

### Fourth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### Fifth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the failure to mitigate damages.

Portfolio expressly and specifically reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's claim and Portfolio's position in this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Portfolio prays that the Court determine and adjudge as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by her Complaint;
3. That Portfolio be awarded all of its costs, disbursements, and expenses incurred herein; and,
4. That the Court award such other and further relief as it deems just and proper.

Dated this 10th day of July, 2013.

/s/ Sharina T. Romano_____
Sharina Talbot Romano
Fla. Bar No. 65501
Portfolio Recovery Associates, LLC
140 Corporate Boulevard
Norfolk, VA  23502
(757) 481-8365
(757) 321-2518 (fax)
stromano@portfoliorecovery.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing on July 10, 2013 to:

Bret L. Lusskin, Esq.
1001 N. Federal Hwy., Ste 106
Hallandale Beach, FL 33009
Tel: (954) 454-5841
Fax: (954) 454-5844
blusskin@lusskinlaw.com

                                                */s/ Sharina T. Romano*
                                                Sharina T. Romano, Esq.